AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

Andrew David Wetzel

*Petitioner*

v.

Randy Smith

*Respondent*
(name of warden or authorized person having custody of petitioner)



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED MAR 26 2021
CAROL L. MICHEL
CLERK

21-526
SECT. R MAG. 1

(Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Andrew David Wetzel
   (b) Other names you have used: — NONE —

2. Place of confinement:
   (a) Name of institution: ST. Tammany PARISH Jail
   (b) Address: 1200 Champagne ST
   Covington, LA 70433
   (c) Your identification number: #539179

3. Are you currently being held on orders by:
   ☐ Federal authorities    ☒ State authorities    ☐ Other - explain:

4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:

   (b) Docket number of criminal case:
   (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

**TENDERED FOR FILING**

MAR 2 6 2021 ⓈS

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☒ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*:

_____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: 22ND Judicial District Court, Parish St. Tammany 701 N. Columbia ST. Covington, LA 70433
   (b) Docket number, case number, or opinion number: 1077-F-2021 'F'
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   _____

   (d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☐ Yes    ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:

   (2) Date of filing:
   (3) Docket number, case number, or opinion number:
   (4) Result:
   (5) Date of result:
   (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal:

*See attached*

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes   ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:

   (2) Date of filing:

   (3) Docket number, case number, or opinion number:

   (4) Result:

   (5) Date of result:

   (6) Issues raised:

   _____

   _____

   (b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes   ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:

   (2) Date of filing:

   (3) Docket number, case number, or opinion number:

   (4) Result:

   (5) Date of result:

   (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:

See attached

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes   ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes   ☐ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes   ☐ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

 (c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes    ☒ No
 If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
  ☐ Yes    ☐ No
  If "Yes," provide:
  (1) Date of filing:
  (2) Case number:
  (3) Result:
  (4) Date of result:
  (5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
  ☐ Yes    ☐ No
  If "Yes," provide:
  (1) Name of court:
  (2) Date of filing:
  (3) Case number:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes        ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application:

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Violation of Right To Counsel

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

See attached

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes        ☒ No        See attached

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes        ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes        ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

**Request for Relief**

15. State exactly what you want the court to do:

*See attached*

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 3-22-2021

*Signature of Petitioner*

N/A

*Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF Louisiana

Andrew D. Wetzel
V.
Randy Smith

CASE # 21-526
SECT. R
MAG. I

## Memorandum of Law IN Support

GROUND #1 = Violation of 6th Amendment, to wit: Right To counsel pursuant to the LA R.S. 15:142, U.S. Constitution and the LA Constitution the petitioner has a Right To counsel at all STAGES of the criminal proceedings. Such Rights attaches when adverse criminal proceedings being. See Mcneil V. Wisconsin (US 1991). The petitioner was arrested for Simple Burglary, a non-violent felony. There are no eye witnesses, No prints, no DNA, no physical evidence, NOR any confession by the petitioner nor any statements from any one else. In fact the District Attorney Billed The Charge as happening on or about Dec 14 or Dec 15, 2020. over a 48 hours Time Frame. Defendant was arrested on Dec 16, 2020 and has been in Jail Since. petitioner was given a "72 hour" hearing, at which Time the Public Defender's office stated It had a conflict of counsel and could not Represent the petitioner. on or about 3-4-2021 the PDO filed an "Notification of conflict and motion To appoint competent conflict counsel". In which the PDO States (1) that the PDO could not Represent the petitioner (2) that the PDO did not have "Conflict Counsel" To Represent The petitioner, that the conflict panel was maxed with cases, that there is a "wait list" of defendants in need of Conflict counsel (3) that the Court appoint counsel, that the PDO does not have adequate funds To pay For said Attorney, that the Court pay For such attorney.

TENDERED FOR FILING
8
MAR 26 2021
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

page 1 of 3

Because of the lack of counsel, petitioner's pretrial pro se' motions have been continued twice and petitioner's arraignment has also been postponed twice. The state has been able, due to lack of counsel, (1) question the petitionee 4 times without counsel, (2) File a Bill of Information over the 60 days allowed by State law, (3) Not arraign the petitioner within the 30 days allowed by State Law, (4) The petitioner was unable to obtain video evidence from family members cameras showing he was not near the crime (the evidence was deleted after 60 days); Not get evidence from the petitioner's office (he was evicated and the evidence Removed); not get evidence (video footage) from his Home (he was evicated and the evidence destoryed)

Exhaustion: LA R.S. 15:142 Does not provided for a Statutory Remedy for the violation of No counsel. The petitionee since he did not File the motion, he can not appeal or File a writ of mandamus on such. Further LA C.CR.p ART. 701(C) provides No Statutory Remedy for failure to NOT arraignment, See State V. Imes and State V. Reaves 376 So.2d 136. "No opportunity to address the violations. Under Castille V. Peoples 489 U.S. 346 (1989) a habeas claim is deemed to be exhausted when it appears that further State proceeding would be useless. Here a narrow & extraordinary circumstance exist and Exhaustion should be waived, See Fay vs Noia; 28 U.S.C. 2254(b)(1)(B)(i) & (ii) petitioner has already Lost evidence and the State has violated it's own laws and has failed to move the case foward. Even if the State court Now appoint counsel, there is no way to pay for such counsel as the PDO doesn't have the funds and State Law (LA RS15:304) forbids the parish/court from paying for the attorney. per ~~State V. Citizen (LA 4-1-05), the trial court~~

page 2 of 3

exception To The Younger v. Harris "Abstention doctrine":

This court may enjoin the State prosecution as: (1) the State's Bad faith prosecution (no evidence; violations of State Law; no counsel); (2) Irreparable injury (the petitioner's evidence is gone; the State's violations can't be corrected; the petitioner Lost his office/Truck and Home; the petitioner Lost his jobs) (3) There is an absence of an adequate State form to Rise Issues, and no available State corrective process

Relief: For the court To order the State To Reply (If needed) within 14 days as To why The writ Should not be Issued; for the court To order the State Court Record To be provided To this court (If needed); for the court To order the Release of the petitioner

s/ [signature]
Andrew Wetzel
#539179/C327
P.O. Box #908
Covington, LA 70433

Andrew Wetzel
#539179/C327
P.O. Box #908
Covington, LA 70433

U.S.D.C. - EASTERN
CLERK OF COURT
500 Poydras St.
Room C151
New Orleans, LA 70130

NOT CENSORED
ST TAMMANY PARISH JAIL

New Orleans 70113
THU 25 MAR 2021 PM

FOREVER
FOREVER