UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW DAVID WETZEL | CIVIL ACTION |
| VERSUS | NO. 21-526 |
| RANDY SMITH | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is petitioner Andrew Wetzel's motion for a temporary restraining order and preliminary injunction.[1] Because Wetzel has not shown a likelihood of success on the merits, the Court denies the motion.

### I. BACKGROUND

In a petition for *habeas corpus* under 28 U.S.C. § 2241,[2] Wetzel seeks release from state detention, asserting a violation of his right to counsel under the Sixth Amendment of the U.S. Constitution.[3] Wetzel alleges that he was arrested for simple burglary on December 16, 2020.[4] Petitioner represents that, on December 18, 2020, the state court held a "72 hour

---

1       R. Doc. 13.
2       R. Doc. 6.
3       R. Doc. 6 at 10.
4       *Id.*

hearing."[5] Under Louisiana law, such a hearing is required, and is held "for the purpose of appointment of counsel." La. Code Crim. Proc. Art 230.1(A). But plaintiff alleges that, at the hearing, the Public Defender's Office ("PDO") stated that it could not represent Wetzel because of a conflict.[6] Petitioner also states that, on March 4, 2021, the PDO filed a notice restating that it could not represent Wetzel, and that "conflict counsel" was unavailable.[7] Wetzel alleges that, to date, the state court has not appointed counsel.[8] Further, he states that the investigation and prosecution of his case is ongoing.[9] Now, petitioner moves for a temporary restraining order and preliminary injunction ordering a stay in his state court criminal proceeding.[10] The Court considers the motion below.

## II. DISCUSSION

Pretermitting whether Wetzel satisfied the procedural requirements of Federal Rule of Civil Procedure 65(b)(1), the Court finds that petitioner fails the substantive test governing the issuance of a temporary restraining order

---

5     R. Doc. 6-2 at 1.
6     *Id.*
7     *Id.*
8     *Id.* at 11.
9     R. Doc. 6-2 at 2.
10    R. Doc. 13.

2

or a preliminary injunction. A party can obtain a temporary restraining order or a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or the temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Here, there is no substantial likelihood that Wetzel will prevail on the merits of his underlying § 2241 petition for *habeas corpus*. Under the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971), the Court must decline to exercise jurisdiction where the requested relief would interfere with an ongoing state criminal proceeding. Nevertheless, if a petitioner demonstrates "extraordinary circumstances showing a threat of irreparable injury which is both great and immediate," then a court may exercise jurisdiction. *Kolski v. Watkins*, 544 F.2d 762, 764-65 (5th Cir. 1977); *see also Younger*, 401 U.S. at 45. The Fifth Circuit has held that the *Younger* abstention doctrine applies to writs of *habeas corpus* brought by pretrial detainees. *Kolski*, 544 F.2d 762, 766-67 (5th Cir. 1977).

The Court must decline to exercise jurisdiction over a state criminal defendants' claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir.2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal quotation marks omitted).

First, the federal proceeding must not "interfere with an 'ongoing state judicial proceeding.'" *Id.* at 716 (quoting *Middlesex*, 457 U.S. at 432). "Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Id.* at 717 (quoting *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002)). In *Younger,* the Supreme Court held that a federal court issuing an injunction preventing state prosecution would interfere with an ongoing state proceeding. 401 U.S. at 40. Like the movant in *Younger*, Wetzel is still being prosecuted.[11] Thus, if the court were to grant Wetzel's § 2241 petition and order his release—or order a stay of the proceeding pursuant to the request

---

[11] R. Doc. 6-2 at 2.

4

for a temporary restraining order and preliminary injunction—the Court would interfere with the state court's ability to conduct its proceedings. *See Gibson v. Orleans Par. Sheriff*, 971 F. Supp. 2d 625, 630 (E.D. La. 2013) (finding that it would interfere with a state criminal proceeding if the court were to order the release of a pretrial detainee).

Second, the Court must also consider whether the State has "an important interest in regulating the subject matter of the claim." *Bice*, 677 F.3d at 717. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (1984). Petitioner represents that Louisiana is prosecuting him for "simple burglary," a crime under state law.[12] *See* La. Rev. Stat. § 14:62. Thus, the court finds that Louisiana has an important interest in regulating Wetzel's claim.

Third, the plaintiff must have "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice*, 677 F.3d at 716 (quoting *Middlesex*, 457 U.S. at 432). Here, Wetzel has an opportunity to raise his constitutional arguments in the Louisiana courts. *See Younger*, 401 U.S. at 49 ("A [criminal] proceeding was already pending in the state court, affording [the detainee] an opportunity to raise his constitutional claims.")

---

[12] R. Doc. 6 at 10.

5

Further, he will have the opportunity to appeal the state court's decision if convicted. The Court finds that this condition is satisfied.

Even if these requirements are met, a court may still exercise jurisdiction pursuant to several exceptions. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). The "narrowly delineated" *Younger* exceptions are as follows:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

*Id.* (citations omitted). Here, Wetzel does not challenge the constitutionality of a specific state statute, nor is there any evidence that Louisiana has waived the application of the *Younger* doctrine.

As to the "bad faith" exception, it only applies when there is "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Hensler v. Dist. Four Grievance Comm. of State Bar of Texas*, 790 F.2d 390, 392 (5th Cir. 1986) (noting that *Younger* abstention applies "absent allegations *and proof* of bath faith" (emphasis added)). Wetzel's conclusory assertions fall far short of satisfying the "bad faith"

6

exception. *DeSpain*, 731 F.2d at 1180. The Court finds that Wetzel's claim does not fall within the exceptions to the *Younger* abstention doctrine.

In sum, the Court finds that the requirements for *Younger* abstention are satisfied, and Wetzel has failed to demonstrate the applicability of any of the exceptions to the *Younger* doctrine. Consequently, the Court finds that petitioner has not shown a likelihood of success on the merits. The Court denies petitioner's motion for a temporary restraining order and preliminary injunction.

## III. CONCLUSION

Because Wetzel has failed to show a likelihood of success on the merits of his petition for *habeas corpus* under 28 U.S.C. § 2241, the Court DENIES his motion for a temporary restraining order and a preliminary injunction.

New Orleans, Louisiana, this __20th__ day of April, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE